JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 15-0351-DOC (JCGx)            Date: April 15, 2015

Title: THEODORE SEGERSTROM, ET AL. V. JEFFREY YERGOVICH, ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO REMAND [14]**

Before the Court is Plaintiffs' Motion to Remand Case to Orange County Superior Court (Dkt. 14). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Therefore the hearing currently set for April 27, 2015 is hereby VACATED. Having considered the moving papers and relevant exhibits, along with the notice of removal and amended notice of removal, for the reasons below, the Court GRANTS Plaintiffs' Motion and REMANDS this matter to Superior Court.

## I. BACKGROUND

This lawsuit arises out of restoration work Defendants performed on Plaintiffs' car. Plaintiffs Theodore Segerstrom and Rae Segerstrom, California citizens, filed this action in Orange County Superior Court on January 16, 2015, naming as defendants Jeffrey Yegovich and R&A Motorsports, Inc, both citizens of Missouri. Notice of Removal (Dkt. 1), Ex. A at 1. On February 15, 2015, Plaintiffs filed a "Doe" amendment to the Complaint, naming as a defendant J&J Performance Center, Inc., ("J&J") a California Corporation. Amended Notice of Removal (Dkt. 18) ¶ 6.

Plaintiffs bring claims for breach of contract, negligence, conversion, promise made without intent to perform, intentional misrepresentation, negligent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0351-DOC (JCGx)                                          Date: April 15, 2015

Page 2

misrepresentation, and unfair competition. *See* Compl. As to Defendant J&J, Plaintiffs apparently intend to assert the negligence claim against it.

      The allegations in the Complaint as to the Doe defendants state generally that each Doe "is in some way liable … to Plaintiffs on the facts herein alleged and caused injuries and damages proximately thereby." Compl. ¶ 5.Therefore, Plaintiffs alleged each Doe "are jointly and severally liable to Plaintiffs." *Id.* ¶ 6.

      The Complaint also provides that "Defendants…were under a duty to exercise ordinary care in the performance of their services" *Id.* ¶ 24. Plaintiffs aver in their Complaint that "Defendants…failed to use reasonable care in the performance of their services." *Id.* ¶ 25.

      Defendants filed a notice of removal on March 3, 2015, on the basis of diversity jurisdiction 28 U.S.C. § 1441(b). In the Notice of Removal, the Defendants noted the Doe amendment, but asserted that J&J had not been served with the summons. On March 30, Defendants filed an Amended Notice of Removal ("Amended Notice") (Dkt. 18). The Amended Notice invokes diversity jurisdiction, but supplements the notice with allegations that J&J is a "sham" defendant. *Id.* Defendants attached to application to file their Amended Notice the affidavit of J&J operator Jay Bittle. Bittle Decl. (Dkt. 12).

      Plaintiffs filed the present Motion on March 27, 2015, prior to the filing of the Amended Notice of Removal. Defendants filed an Opposition on April 4, 2015. Plaintiffs replied on April 8, 2015.

      **A.**     **Legal Standard**

      Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0351-DOC (JCGx)            Date: April 15, 2015

Page 3

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*; *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Defendants contend that the federal court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity, meaning that no plaintiff can be from the same state as a defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be removed to the federal court if a plaintiff and a defendant are citizens of the same state. However,

> [r]emoval is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir.1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir.2002).

*Padilla v. AT&T Corp.*, 697 F.Supp.2d 1156, 1158-59 (C.D. Cal. 2009).

There is a "general presumption" that a plaintiff's sole purpose for including a defendant residing in the same state as the plaintiff in the lawsuit is not to defeat diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This presumption requires defendants to "do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-0351-DOC (JCGx)                                    Date: April 15, 2015

                                                                                                                Page 4

*Padilla*, 697 F.Supp.2d at 1159 (citations omitted). Defendants must also show that, even if plaintiff's claims do not meet the necessary pleading requirements at the time of removal, he "could not re-allege at least one of them to do so." *Suelen v. Wells Fargo Bank, N.A.*, 2013 WL 1320697, at *4 (N.D. Cal. Apr. 1, 2013). Framed another way, "a plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Rieger v. Wells Fargo Bank, Nat. Ass'n*, 2013 WL 1748045, at *3 (N.D. Cal. Apr. 23, 2013) (citation omitted). "[R]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.*

## II.     Analysis

Defendants first argue that this Motion is moot, because the Motion was filed before the Amended Notice, and does not address the fraudulent joinder theory proposed by Defendants in the Motion itself. The Court disagrees. Propriety of removal is a question of subject matter jurisdiction, *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998), which the Court may consider at any time. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011). Plaintiffs adequately address Defendants fraudulent joinder theory in their reply, and addressed it in their opposition to Defendants *ex parte* application for leave to file the Amended Notice (Dkt. 13).

Although there is not complete diversity between the parties (J&J is a citizen of California), Defendants invoke diversity jurisdiction premised on the sham defendant theory. *See generally*, Amended Notice, Opp'n. Defendants base their sham defendant theory on the affidavit of Mr. Bittle, J&J's operator. In their Opposition, Defendants concede that "Bittle allowed Yergovich to use [his] facility to work on [the car] as a favor," but denies that he or "any of his employees performed any work [on the car]." *Id.*

Plaintiffs dispute these facts. Plaintiffs attach to their Reply the affidavit of Lawrence Williams, the personal assistant to Plaintiff Theodore Segerstrom. Williams Decl. (Dkt. 22). Williams avers that Mr. Bittle told him that his shop assisted with the allegedly negligent repairs, and that his shop provided essential equipment for the repairs.

Based upon these facts, drawing all inferences in Plaintiffs' favor, the Court cannot conclude "plaintiff could not possibly recover against the party whose joinder is questioned." *Kruso*, 872 F.2d at 1426. Defendants do not argue that, even if J&J assisted in performing the work, Plaintiffs would not have a claim against J&J. Instead, they provide an affidavit attesting that J&J did not assist in performing the work or providing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0351-DOC (JCGx)                                    Date: April 15, 2015

Page 5

parts. Opp'n at 4, 6. Plaintiffs allege that he did. Reply at 6. This is a factual question suitable for resolution in state court.

      The Court notes that the current allegations in the Complaint are sparse, at best. It is plausible that, were the Court to apply the standards of a Rule 12(b)(6) motion, the claims could be dismissed. However, "when the theory of a complaint is unclear or inartfully pled, as here, courts have not confined their focus to the claim explicitly brought against the alleged sham defendant." *Alderman v. Pitney Bowes Mgmt. Servs.*, 191 F. Supp. 2d 1113, 1116 (N.D. Cal. 2002). Considering the broader context of the Complaint, and taking into account J&J's admitted association with Plaintiff's assistant, Williams, and the car, Opp'n at 4, Defendants have not met their burden in establishing that the joinder was fraudulent. *Hamilton Materials*, 494 F.3d at 1206.

      The Motion is GRANTED. This matter is REMANDED to Orange County Superior Court. Plaintiffs' request for costs and fees is DENIED.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                       Initials of Deputy Clerk: djg
CIVIL-GEN